IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| CECIL PERKINS, : | |
| : | Civil Action Number: |
| Plaintiff, : | |
| : | |
| vs. : | |
| : | |
| JORLYN PFEIL and LUISA : | |
| CAMPBELL, : | |
| : | |
| Defendants. : | |

## COMPLAINT

Plaintiff Cecil Perkins (hereafter "Mr. Perkins"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 7, brings this Complaint against Defendants Jorlyn Pfeil (hereafter "Ms. Pfeil"), and Luisa Campbell (hereafter "Ms. Campbell"), (hereafter collectively referred to as "Defendants") and shows the Court as follows:

## INTRODUCTION

1.

Mr. Perkins brings this action under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*., (hereafter "the FLSA") to (1) recover due but unpaid overtime compensation and an additional like amount as liquidated damages; and (2) and to be reimbursed his costs of litigation, including his reasonable attorneys' fees.

- 1 -

## JURISDICTION AND VENUE

2.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b), 28 U. S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

3.

Venue properly lies in the Middle District of Georgia under 28 U.S.C. § 1391 because Defendants are located in this judicial district and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

## THE PARTIES

4.

Mr. Perkins resides in Bibb County, Georgia.

5.

Ms. Pfeil employed Perkins to work as a cashier at a number of convenience stores she owns in and around Macon, Georgia from January 21, 2013 until October 5, 2013.

6.

At all times material hereto, Mr. Perkins was an "employee" of Ms. Pfeil as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

7.

From on or about January 21, 2013 until October 5, 2013, Mr. Perkins was "engaged in commerce" as an employee of Ms. Pfeil as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

8.

At all times material hereto, Ms. Pfeil was an "employer" of Perkins as defined in FLSA § 3(d), 29 U.S.C. §203(d).

9.

From on or about January 21, 2013 until October 5, 2013, Ms. Pfeil's business was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

10.

During 2013, Ms. Pfeil had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

11.

During 2013, Ms. Pfeil had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

12.

During 2013, Ms. Pfeil had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

13.

At all times material hereto, Ms. Pfeil was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

14.

Ms. Pfeil is subject to the personal jurisdiction of this Court.

15.

Ms. Pfeil resides within Twiggs County, Georgia.

16.

Ms. Pfeil may be served with process at 641 Riggins Mill Road, Dry Branch, Georgia 31020.

17.

At all times material hereto, Ms. Campbell exercised operational control over the work activities of Mr. Perkins.

18.

At all times material hereto, Ms. Campbell was involved in the day to day operation of locations in which Mr. Perkins worked.

19.

At all times material hereto, Ms. Pfeil vested Ms. Campbell with supervisory authority over Mr. Perkins.

20.

At all times material hereto, Ms. Campbell was involved in the day to day of the convenience stores in which Mr. Perkins worked.

21.

At all times material hereto, Ms. Campbell scheduled Mr. Perkins' working hours or supervised the scheduling of Mr. Perkins' working hours.

22.

At all times material hereto, Ms. Campbell exercised authority and supervision over Mr. Perkins' compensation.

23.

At all times material hereto, Ms. Campbell has been an "employer" as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

24.

Ms. Campbell is subject to the personal jurisdiction of this Court.

25.

Ms. Campbell resides within Houston County, Georgia.

26.

Ms. Campbell may be served with process at her residence located at 317 Ferguson Street, Warner Robins, GA 31093-1709.

27.

At all times material hereto, Mr. Perkins was not exempt from the maximum hour requirements of the FLSA by reason of any exemption.

28.

At all times material hereto, Defendants did not employ Mr. Perkins in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

29.

At all times material hereto, Defendants did not employ Mr. Perkins in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

30.

At all times material hereto, Defendants did not employ Mr. Perkins in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

31.

At all times material hereto, Defendants did not employ Mr. Perkins in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a).

32.

At all times material hereto, Defendants failed to pay Mr. Perkins at an hourly rate equivalent to one and one half times his regular rate for hours he worked in excess of forty (40) hours in a work week.

## COUNT I - FAILURE TO PAY OVERTIME

33.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

34.

At all times material hereto, Mr. Perkins has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

35.

During his employment with Defendants, Mr. Perkins regularly worked in excess of forty (40) hours each week.

36.

Defendants failed to pay Mr. Perkins at one and one half times his regular rate for work in excess of forty (40) hours in any week from January 21, 2013 through October 5, 2013.

37.

Defendants willfully failed to pay Mr. Perkins at one and one half times his regular rate for work in excess of forty (40) hours in any week from January 21, 2013 through October 5, 2013.

38.

Mr. Perkins is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

39.

As a result of the underpayment of overtime compensation as alleged above, Mr. Perkins is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

40.

As a result of the underpayment of overtime compensation as alleged above, Mr. Perkins is entitled to his litigation costs, including his reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully prays:

1. That Plaintiff be awarded an amount to be determined at trial against Defendants in unpaid overtime compensation due under the FLSA, plus an additional like amount in liquidated damages;

2. That Plaintiff be awarded costs of litigation, including his reasonable attorneys' fees from Defendants; and

3. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

*DELONG CALDWELL BRIDGERS & FITZPATRICK, LLC*

| | |
|---|---|
| 3100 CENTENNIAL TOWER | */S/CHARLES R. BRIDGERS* |
| 101 MARIETTA STREET | CHARLES R. BRIDGERS |
| ATLANTA, GEORGIA 30303 | GA. BAR NO. 080791 |
| (404) 979-3171 | |
| (404) 979-3170 (f) | */S/ KEVIN D. FITZPATRICK, JR.* |
| kevin.fitzpatrick@dcbflegal.com | KEVIN D. FITZPATRICK, JR. |
| charlesbridgers@dcbflegal.com | GA. BAR NO. 262375 |

*SAGGESE MILLS LAW FIRM*

| | |
|---|---|
| 2484 INGLESIDE AVE., STE. A102 | */S/ TERESA S. MILLS* |
| MACON, GEORGIA 31204 | TERESA S. MILLS |
| (478) 744-0740 | GA. BAR NO. 622100 |
| tsmills@saggesemillslawfirm.com | |

COUNSEL FOR PLAINTIFF